IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN OSCAR CAPETILLO, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| STREAMLINE MANUFACTURING, INC.; ROBERTO TULIO and LUIS MORALES, | § § § § | |
| Defendants. | § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Juan Oscar Capetillo (referred to as "Plaintiff" or "Capetillo") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Streamline Manufacturing, Inc.; Roberto Tulio and Luis Morales (collectively referred to as "Defendants" or "Streamline Manufacturing"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Capetillo's claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Streamline Manufacturing violated the FLSA by employing Capetillo and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Streamline Manufacturing violated the FLSA by failing to maintain accurate time and pay records for Capetillo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Capetillo brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Capetillo is an individual who resides in Harris County, Texas and who was employed by Streamline Manufacturing during the last three years.

9. Defendant Streamline Manufacturing, Inc. is a Texas corporation that may be served with process by serving its registered agent, Dayle Pugh, at 909 Fannin Street, Suite 1800, Houston, Texas 77010. Alternatively, if the registered agent of Streamline Manufacturing, Inc. cannot with reasonable diligence be found at the company's registered office, Streamline Manufacturing, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Roberto Tulio is an individual who may be served with process at 6903 Satsuma Drive, Houston, Texas 77041 or wherever he may be found.

11. Defendant Luis Morales is an individual who may be served with process at 6903 Satsuma Drive, Houston, Texas 77041 or wherever he may be found.

12. Whenever it is alleged that Streamline Manufacturing committed any act or omission, it is meant that the Streamline Manufacturing's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Streamline Manufacturing or was done in the routine and normal course and scope of employment of the Streamline Manufacturing's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

13. Streamline Manufacturing is a machine shop that does business in the territorial jurisdiction of this Court.

14. Streamline Manufacturing employed Capetillo as a machinist from approximately February 2011 until approximately April 2013.

15. During Capetillo's employment with Streamline Manufacturing, he was engaged in commerce or in the production of goods for commerce.

16. During Capetillo's employment with Streamline Manufacturing, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

17. During Capetillo's employment with Streamline Manufacturing, he regularly worked in excess of forty hours per week.

18. Streamline Manufacturing knew or reasonably should have known that Capetillo worked in excess of forty hours per week.

19. Streamline Manufacturing paid Capetillo on an hourly basis.

20. Streamline Manufacturing did not pay Capetillo overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

21. Streamline Manufacturing knew or reasonably should have known that Capetillo was not exempt from the overtime provisions of the FLSA.

22. Streamline Manufacturing failed to maintain accurate time and pay records for Capetillo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Streamline Manufacturing knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Streamline Manufacturing is liable to Capetillo for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

25. All machinists employed by Streamline Manufacturing are similarly situated to Capetillo because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Streamline Manufacturing pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

26. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

27. During Capetillo's employment with Streamline Manufacturing, he was a nonexempt employee.

28. As a nonexempt employee, Streamline Manufacturing was legally obligated to pay Capetillo "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

29. Streamline Manufacturing failed to pay Capetillo for the hours he worked over forty in a workweek at one and one-half times his regular rate.

30. Instead, Streamline Manufacturing paid Capetillo at his straight time rate in violation of 29 U.S.C. § 207(a)(1).

31. If Streamline Manufacturing classified Capetillo as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

32. Streamline Manufacturing knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Streamline Manufacturing willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

33. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the pay violations of the FLSA described above, Streamline Manufacturing also failed to keep proper time records as required by the FLSA.

### VI. Count Three—Collective Action Allegations

36. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. On information and belief, other employees have been victimized by Streamline Manufacturing's violations of the FLSA identified above.

38. These employees are similarly situated to Capetillo because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

39. Streamline Manufacturing's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40. Since, on information and belief, Capetillo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41. All employees of Streamline Manufacturing, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All machinists employed by Streamline Manufacturing during the last three years.

42. Streamline Manufacturing is liable to Capetillo and the other machinists for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because Streamline Manufacturing knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Capetillo and the other machinists their unpaid overtime wages for at least the last three years.

44. Streamline Manufacturing is liable to Capetillo and the other machinists in an amount equal to their unpaid overtime wages as liquidated damages.

45. Streamline Manufacturing is liable to Capetillo and the other machinists for their reasonable attorneys' fees and costs.

46. Capetillo has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VI. Jury Demand

47. Capetillo demands a trial by jury.

## VI. Prayer

48. Capetillo prays for the following relief:

    a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. Judgment awarding Capetillo and the other machinists all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. Prejudgment interest at the applicable rate;

    d. Postjudgment interest at the applicable rate;

    e. All such other and further relief to which Capetillo and the other machinists may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Curt Hesse
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**